UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD PERRYMAN,<br><br>            Plaintiff,<br><br>      v.<br><br>JASDEEP BAL,<br><br>            Defendant. | No.  2:14-cv-680-WBS-EFB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983.  Defendant has filed a motion to compel, which plaintiff opposes.  Plaintiff has also filed a motion to compel, which defendant opposes.  Additionally, defendant has filed a motion to modify the discovery and scheduling order.  For the reasons that follow, all three motions are granted.

**I.     DEFENDANT'S MOTION TO COMPEL**

Defendant served plaintiff with interrogatories on July 16, 2014, and plaintiff served a response to those interrogatories on September 18, 2014.  ECF No. 21 at 1.  Nevertheless, defendant requests an order compelling plaintiff to provide "further, verified, responses" because plaintiff's responses were "evasive, incomplete, and non-responsive . . . ."  *Id.*

Defendant first notes that plaintiff failed to verify his responses to the interrogatories.  *Id.*

/////

1

Federal Rule of Civil Procedure 33(b)(3)[1] requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing and *under oath*." (Emphasis added). Plaintiff signed his interrogatory responses but failed to verify that they were made under oath. *See id.*, Rouse Decl., Ex. B. Accordingly, plaintiff's responses to defendant's interrogatories did not comply with Rule 33(b)(3).

Defendant argues that most of plaintiff's responses to the twenty-four interrogatories are deficient for additional reasons. Specifically, defendant argues that (1) plaintiff's response to interrogatory 4 is non-responsive, (2) plaintiff's responses to interrogatories 2, 3, 5, 9, and 12 simply refer to plaintiff's complaint, (3) plaintiff's responses to interrogatories 6-8, 10-11, and 13-23 just refer to other deficient interrogatory responses. *Id.* at 1-2. The court's review of plaintiff's responses is consistent with defendant's arguments. *See id.*, Rouse Decl., Ex. B. As noted above, Rule 33(b)(3) requires that each interrogatory be answered "*separately and fully* in writing under oath." (Emphasis added). Plaintiff has not done so here. Accordingly the motion to compel further responses that comply with the rule is granted.

Furthermore:

> It is well established that an answer to an interrogatory must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers.

*Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind. 2000) (citations and internal quotations omitted). Plaintiff's supplemental responses shall comply with these requirements.

Because the responses that plaintiff served on September 18, 2014 are deficient, plaintiff is ordered to separately and fully answer interrogatories 2-23 in writing under oath, or state with specificity any objections he has to a given interrogatory. *See* Fed. R. Civ. P. 33(b).

/////

---

[1] All subsequent references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

## II. PLAINTIFF'S MOTION TO COMPEL

Plaintiff seeks an order compelling defendant to respond to a discovery request that plaintiff served on October 21, 2014 ("Interrogatories Set Two"). ECF No. 22 at 1. According to plaintiff, defendant's refusal to respond to the Interrogatories Set Two rests on an incorrect interpretation of the court's October 9, 2014 modification of the discovery and scheduling order. *Id.* A brief review of the procedural history of this case indicates that it is plaintiff that misinterprets the October 9, 2014 order.

The original discovery and scheduling order provided, *inter alia*, that "all requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served not later than August 15, 2014." ECF No. 14. October 10, 2014, the court modified the discovery and scheduling order as follows:

> 1. The parties may conduct discovery until January 23, 2015. Any motions to compel discovery shall be filed by that date.
>
> 2. Dispositive motions shall be filed on or before April 17, 2015. Motions shall be briefed in accordance with paragraph 8 of the order filed April 25, 2014.
>
> 3. All other dates and orders specified in the Court June 30, 2014 Discovery and Scheduling Order (Doc. 14) remain in effect.

ECF No. 20. Thus, even under the modified discovery and scheduling order, all requests for discovery (under Fed. R. Civ. P. 31, 33, 34, or 36) were due August 15, 2014. Because plaintiff did not serve his Interrogatories Set Two until October 21, 2014—more than two months after the deadline under the discovery and scheduling order—defense counsel properly responded that the deadline for propounding those interrogatories had expired. *See* ECF No. 22 at 10.

Nevertheless, as discussed below, the deadline for completion of discovery shall be modified so that plaintiff may obtain responses to his previously untimely interrogatories. Under that revised schedule defendant shall respond to plaintiff's interrogatories.

/////

/////

**III.     DEFENDANT'S MOTION TO MODIFY THE SCHEDULING ORDER**

Defendant seeks an extension of the deadlines to conduct discovery and to file dispositive motions. ECF No. 26. A scheduling order may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Defendant contends:

> Defendant has been diligent in conducting discovery and needs discovery to be completed before preparing any dispositive motions. Prior to filing his motion to compel, Defendant met and conferred with Plaintiff over Plaintiff's deficient discovery responses. Doc. 21 et seq. Defendant cannot depose Plaintiff, or file a dispositive motion, until Plaintiff has provided sufficient responses to written discovery.
>
> Since the current deadline to conduct discovery expires in one week (on January 23, 2015), and Defendant has a pending motion to compel, it will be impossible for Defendant to complete discovery by the current deadline.

ECF No. 26 at 3.

The court modifies the scheduling order here for three reasons. First, in light of recent Ninth Circuit opinions, the forty-seven days that the discovery and scheduling order provided the parties to serve discovery requests arguably did not provide plaintiff—who is proceeding in pro per and in forma pauperis while incarcerated—with an appropriate opportunity to conduct discovery. *See Calloway v. Veal*, 571 F. App'x 626, 626 (9th Cir. 2014) ("The district court erred by entering judgment against Calloway—who appeared below in pro per and in forma pauperis while incarcerated—without providing him an appropriate opportunity to conduct discovery."). Second, plaintiff's Interrogatories Set Two consists of just five interrogatories and should impose no great burden in responding. *See id.* at 626 ("Defendants are reminded of their obligation to refrain from engaging in obstruction of Calloway's reasonable discovery requests, particularly in light of the obvious disadvantages he faces in prosecuting this case.") (citing *Wanderer v.*

4

*Johnston*, 910 F.2d 652, 653 (9th Cir. 1990)). Lastly, the court is further modifying the discovery and scheduling order to include extensions that will provide both parties sufficient time to conduct discovery and prepare any dispositive motions.

### IV.   ORDER

Accordingly, IT IS HEREBY ORDERED that defendant's motion to compel (ECF No. 21) and plaintiff's motion to compel (ECF No. 22) are each granted. Within 21 days from the date of this order, plaintiff shall serve defendants with responses to interrogatories 2-23 that comply with Rule 33(b)(3), and defendant shall serve plaintiff with responses to Interrogatories Set Two, which plaintiff served on October 21, 2014.

Additionally, the court modifies the discovery and scheduling order as follows:

1. The parties may conduct discovery until May 12, 2015. Any additional motions to compel discovery shall be filed by that date.

2. Dispositive motions shall be filed on or before August 10, 2015. Motions shall be brief in accordance with paragraph 8 of the order filed April 25, 2014.

3. All other dates and orders specified in the Court's June 30, 2014 Discovery and Scheduling Order (ECF No. 14) remain in effect.

DATED: February 11, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE