1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   FLOYD PERRYMAN,                          No.  2:14-cv-680-WBS-EFB P

11                 Plaintiff,

12          v.                                ORDER

13   JASDEEP BAL, et al.,

14                 Defendants.

15

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

17   U.S.C. § 1983.  He claims that defendant Bal was deliberately indifferent to his serious medical

18   needs.  *See* Complaint, ECF No. 1 (alleging that, without ever examining plaintiff, Bal denied

19   plaintiff an urgently needed surgery that was recommended by two physicians who had examined

20   plaintiff, causing plaintiff irreparable damage).  Discovery in this action is closed and defendant

21   has moved for summary judgment.  *See* ECF Nos. 27, 32.  Plaintiff has not filed an opposition to

22   the motion for summary judgment.  Instead, he seeks a stay of the proceedings so that he can file

23   an amended complaint, conduct further discovery, and obtain the court's appointment of an expert

24   witness.  As explained below, plaintiff's motions are denied.

25          Plaintiff seeks leave to add the Medical Authorization Review Committee ("MARC") as a

26   defendant.  However, the discovery and scheduling order required that all motions to amend be

27   filed no later than October 24, 2014.  ECF No. 14.  The earliest possible filing date for plaintiff's

28   /////

                                             1

1    motion to amend is July 20, 2015.[1]  Thus, plaintiff's motion is untimely and he has not sought nor

2    submitted good cause for a modification of the scheduling order.  Moreover, the proposed

3    amendment is futile, as the MARC is not a "person" for purposes of a claim brought under 42

4    U.S.C. § 1983.

5            Even construed as a motion to modify the scheduling order, the motion must still be

6    denied.  A scheduling order may be modified upon a showing of good cause.  Fed. R. Civ. P.

7    16(b).  Good cause exists when the moving party demonstrates he cannot meet the deadline

8    despite exercising due diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th

9    Cir. 1992).  Plaintiff contends that the MARC was deliberately indifferent to his medical needs by

10   failing to follow certain recommendations of his medical doctors.  ECF No. 37 at 11-12.

11   However, plaintiff knew no later than July *2014* that the MARC had denied some of his medical

12   requests.  *See* ECF No. 39-1, ¶ 2 (explaining that the discovery provided to plaintiff in July 2014

13   showed that certain medical requests were denied by the MARC).  Plaintiff contends that he

14   could not have moved to amend any sooner, because he only recently received an MRI, the

15   results of which reveal that he "suffers from a permanent injury to his right hand."  ECF No. 37 at

16   6.  But plaintiff alleged in his original complaint that he was irreparably injured, and as noted, he

17   knew about the MARC's involvement in his requests for medical care as early as July 2014.

18   Plaintiff's one-year delay in seeking leave to amend to name the MARC as a defendant does not

19   demonstrate the requisite diligence.  Plaintiff's recent MRI results do not excuse his delay in this

20   regard.

21           Plaintiff's request for discovery, which the court construes as one brought pursuant to

22   Federal Rule of Civil Procedure 56(d),[2] must also be denied.  Rule 56(d) permits a party opposing

23   a motion for summary judgment to request an order deferring the time to respond to the motion

24   _____

25           [1] The motion was not filed with the court until September 14, 2015, but plaintiff claims he
     originally submitted it to the court for mailing on July 20, 2015.  ECF No. 37.

26
27           [2] Where a party opposing summary judgment shows that he cannot present facts essential
     to the opposition, Rule 56(d) allows the court to: (1) defer consideration of the motion, (2) deny
     the motion, (3) allow time for further discovery, or (4) issue another appropriate order.  Fed. R.
28   Civ. P. 56(d).

1  and permitting that party to conduct additional discovery upon an adequate factual showing.  *See*

2  Fed. R. Civ. P. 56(d).  However, the request must be based upon a showing that further discovery

3  is needed to disclose information necessary to defeat the motion.  *Id.* (requiring party making

4  such request to show "by *affidavit or declaration* that, for *specified reasons*, it cannot present

5  *facts essential* to justify its opposition.").  A Rule 56(d) affidavit must identify "the specific facts

6  that further discovery would reveal, and explain why those facts would preclude summary

7  judgment."  *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).  A

8  Rule 56(d) affidavit must also identify "some basis for believing that the information sought

9  actually exists." *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009).

10  Plaintiff seeks further discovery to obtain the identities of the members of the MARC.

11  This information, however, will not help plaintiff defeat defendant's motion for summary

12  judgment, which turns only on *defendant's* alleged deliberate indifference, and not on other

13  individual's alleged wrongdoing.  Plaintiff fails to explain how obtaining the identities of the

14  MARC members would preclude summary judgment.  *See Tatum*, 441 F.3d at 1100; Fed. R. Civ.

15  P. 56(d) (requiring party making such request to show "by affidavit or declaration that, for

16  specified reasons, it cannot present facts essential to justify its opposition.").  Accordingly, his

17  motion, construed as a request under Rule 56(d), must be denied.

18  Finally, plaintiff's request for the court to appoint him an expert medical witness for the

19  purpose of interpreting an MRI is also denied.  Such a witness will not help plaintiff in this action

20  because opposing the summary judgment motion does not require an expert opinion.  *See* ECF

21  No. 32.  Moreover, the in forma pauperis statute does not authorize courts to subsidize expert

22  fees.  *Hadsell v. IRS*, 107 F.3d 750, 752 (9th Cir. 1997) (relying on *Tedder v. Odel*, 890 F.2d 210,

23  211-12 (9th Cir. 1989) (per curiam)).

24  /////

25  /////

26  /////

27  /////

28  /////

3

1    Accordingly, it is hereby ORDERED that plaintiff's motions (ECF Nos. 37, 41, 42, 43)

2  are denied.  IT IS FURTHER ORDERED that plaintiff shall file his response to defendant's

3  summary judgment motion within 30 days of the date of this order.  Failure to comply with this

4  order may result in a recommendation that this action be dismissed without prejudice.

5  DATED:  December 1, 2015.

6

7                                              EDMUND F. BRENNAN
                                               UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28